May it please the court, good morning your honors, Eric Guzman on behalf of Carlos Vega. I will attempt to reserve three minutes for rebuttal and watch my own clock. If it's acceptable with your honors, I'd like to begin by discussing the motion to dismiss the indictment from the district court. That motion to dismiss should have been granted because Mr. Vega's removal proceedings contained a due process violation and it was a prejudicial one. In this case the evidence generated at the removal hearing was insufficient for the government to carry its burden to prove removability as charged by clear and convincing evidence under 8 U.S.C. 1229 AC 13. Because it failed to meet its burden, Mr. Vega was ordered removed when he should not have been. In 2006 this court held in Camacho Lopez that when someone is removed when they should not have been, it's prejudicial. This court recently held that in Aguilar Rios several months ago. Additionally, a Southern District Court case that I cited, the United States v. Magana Asino, even affirms that someone is not removable as charged, but they were removed anyway. That's prejudicial, even if they were potentially removable on some other basis. Moving on, Your Honor, I'd like to discuss the transcript issue. I don't know if there was any questions the Court had about the time of when that transcript was generated and when it's made its way into the record. I would just like to emphasize that at the district court level I argued at the hearing that that transcript was not created until 2012 because that was the date given on the certification. And I personally contacted a court reporter, and she informed me that she believed it was not created until 2012, and that she'd be willing to provide more research and documentation if necessary. And no one contested at that point whether or not that transcript had been created at any point before 2012 during the pendency of this motion hearing. And it definitely appears that it was not removed. Moving on, Your Honor, to the acceptance of responsibility argument, I would just like to quote one section from page 35 and 36 of the record where the district court held regarding the two points for acceptance. Quote, if he waived a jury, he gets the two points, and if he didn't waive a jury, he would not get them, end quote, which I think as clear as can be that the only reason Mr. Baker did not receive the two points for acceptance of responsibility was that he did not waive his constitutional right to a jury trial as opposed to proceeding by bench trial, which is impermissible. If the panel has any questions regarding either of the two issues, I'll submit. Thank you, Your Honor. May it please the Court. My name is Meredith Osborne, and I represent the United States of America in this case. I want to start with talking about the fundamental unfairness here, which Mr. Vega cannot show, cannot meet his burden of showing because he was convicted of an aggravated felony. Unlike the cases cited by Mr. Guzman, Mr. Vega was actually removable as charged. Because he had been convicted of an aggravated felony, as Mr. Guzman now concedes, the conviction under 11-351 was actually an aggregated felony. In no case has this Court held that when an individual is actually removable as charged that they can meet their burden of showing prejudice. And Camacho and Aguilera are not contrary to this. In both of those cases, the underlying conviction was actually validly challenged, whereas in this case that is not true. The controlling cases are Bustos-Ochoa, Reyes-Bonilla, and Ramos. In all three of those cases, there was no prejudice because the individual was actually removable as charged. In terms of the time that the transcript was generated, I'm just going to address the points that Mr. Guzman made, unless there are questions from the panel. But that's simply not relevant, because it wasn't needed at the removal proceeding. The end under Bustos-Ochoa, the district court is entitled to rely on evidence that is presented before the district court when the underlying removal is challenged collaterally. Moving on to the acceptance of responsibility, the district court did not abuse its discretion here when it denied Vega those two points because he failed to admit guilt. The district court did not apply a per se bar, which is the test that this Court has articulated. It was clear of what its legal obligation was, which was to consider all the factors, and it did so. At no stage, either pre-trial, during trial, or post-trial, did Mr. Vega clearly demonstrate that he had earned the acceptance of responsibility. He didn't make any pre-trial statements of remorse, and his only post-trial statement was through his attorney. Probation found that those statements did not warrant the acceptance of responsibility deduction, and the district court was entitled to agree, which it did. So how do you deal with Rojas-Pedroza, which says you can't use a defendant's decision to go to trial against him in assessing acceptance of responsibility? This case is actually very similar in many ways to Rojas-Pedroza. There, Rojas cross-examined the government agent who witnessed his removal, just like Mr. Vega did here, and the Court found that this was a frivolous challenge to the evidence that weighed against his acceptance of responsibility. And that's exactly what Judge Breyer was taking to into account. He says that he says, because of acceptance of responsibility, well, that's overruled, he went to trial. That's correct, but that was only part of a much longer colloquy. And he says the point where he's – that is most directly on point is where Judge Breyer says you argued he was not guilty, and you argued that a juror should find, one or more, should find him not guilty. And that, to me, is inconsistent with acceptance of responsibility. This is not a case where the defendant simply sat on his hands at trial. Rather, he argued at his opening at SCR 79 that the jury should not find him not guilty. Also, at closing, he said there was reason to doubt that he had actually been removed to Mexico, and that's at the trial transcript at SCR 187. He also argued that there was no evidence of his reentry into the country, and that's at SCR 186. So at every point at the trial, he was contesting the factual basis for his conviction, which is what is inconsistent, what Judge Breyer found was inconsistent with acceptance of responsibility. So we have a case, Cortez, I think, where the defendant was charged with carjacking and his – and he went to trial, and he received the credit, but his argument had to do with whether carjacking had a sufficient nexus to interstate commerce, so there was jurisdiction. I think there are other cases where defendants go to trial and they're challenging a constitutional issue, or speedy trial, right, or something, but not contesting the underlying conduct. And it sounds to me like that's the distinction you're drawing, that in this case, the defendant argued he was actually innocent of the prior offense. I think that's correct, Judge Kristen, but I think this case is also – there's another distinction here, which is that in Cortez, the district court said, in terms of acceptance of responsibility, I also find that's a legal issue. So – and what this Court found was that that showed that it was unclear whether or not the district court understood that simply going to trial was not a per se bar, and it may have actually applied a per se bar, which is clear that Judge Breyer did not do so in this case. Well, but it does go back to Judge Thomas's point, because there's a statement in the record that where he said something about going to trial, that's inconsistent, period. And perhaps the district court judge's statement was just incomplete, but it is a question that I think opposing counsel is going to argue raises an inference or a question about whether there was clarity there on the part of the district court judge, and since you're not going to get to come back up to the lectern, do you want to address that now? Sure. I'd be happy to. Thank you. So where the judge says that, that's at the beginning, I believe, of the sentencing transcript. At the end of the sentencing transcript, the judge is clear that he says that he is weighing all the factors. And he's asked, actually, Vega, to show him what extraordinary circumstances warranted two points.  And he says those that he's going to deny him the acceptance responsibility. He then goes back and asks, and this is at the transcript at ER 36, and asks Mr. Vega, unless there's something I'm not understanding here, and invites Mr. Vega to explain what, what beyond the fact that you went to trial and that you contested your guilt at trial will warrant an acceptance responsibility. And there is no response to that. There's no further information that's presented, no further argument is made that Mr. Vega had accepted responsibility. So I think that that is the difference. Yes, there's a lot of things that the district court says throughout this transcript – sentencing transcript, but the – this court is entitled to rely on any basis in the record. And the – I think you can conclude on the totality of the transcript that the district court understood what its role was here. And just one further question – point on the preserving of a legal issue. Vega did reject a stipulated facts bench trial, which would have allowed him to assert and preserve those legal issues, just as in Cortes. Yeah. I mean, the problem with the transcript is that the court on a couple of occasions says he went to trial, and that's inconsistent with acceptance of responsibility. And I grant you, at the end, the court talks about how the trial was conducted. But in the totality, obviously, the fact that he went to trial alone was a pretty key factor for the court. You know, and any – None that he asked for a jury. None that he asked for a jury, yeah. Well, you know, the sentencing guidelines themselves state that if you go to trial, it will be a rare case where the defendant is entitled to the acceptance of responsibility reduction. And that's because when you go to trial, there aren't opportunities to show remorse. You're contesting your guilt. So it doesn't necessarily show that the district court was weighing this factor against him in an impermissible way, such that it was a per se bar, but rather that he's making the very practical conclusion that if you go to trial and contest your guilt, it's going to be very difficult for you to then also earn the acceptance of responsibility deduction, a deduction that's not even earned necessarily if you plead guilty. Yes. And I probably misspoke in the sense of saying just going to trial, but asking for a jury trial, I think, is the key element here. And again, the going to a jury trial and arguing to the jury that the jury should find you not guilty and contesting the evidence at every stage is exactly the proper basis and the basis that the district court faced its denial of that reduction. It's also, you know, worth noting that the district court did subsequently depart downward into the very range that Mr. Vega is arguing should have applied if he had received the acceptance of responsibility deduction. If there are no other questions. Thank you, Your Honor. Your Honor, if I could just respond to a few of the government's points. At the trial, I very much did just sit on my hands figuratively. We called zero witnesses, asked very few questions. We stipulated to a lot of them or onerous witnesses the government would have had. There was a fingerprint expert who stipulated to that. There was someone from out of state who stipulated to his testimony so they didn't have to show up. The whole day from jury so the whole trial from jury selection to verdict took one court day. We couldn't do it very much any quicker. And we went to trial purely to preserve a legal issue. We asked for a conditional plea, and the government on the record at a hearing said they would not agree to a conditional plea. And the district court even said, I don't understand why you guys won't give them or let them plead conditionally. Federal Criminal Procedure 11 contemplates and allows a defendant to plead conditionally so he could appeal the motion dismissed in our case, and the government would not agree to a conditional plea. But if your object was simply to preserve a legal issue, why didn't you go to trial on stipulated facts? Two reasons. One is there are cases in the Ninth Circuit where people have proceeded by stipulated bench – stipulated facts trials and have inadvertently precluded their attack on appeal. There's a – there was a famous or kind of infamous 922G case where someone stipulated that they found a gun, et cetera. And then when they went on appeal to challenge the search, so you already stipulated the existence of a gun, so you've lost that issue. And if you stipulate it to a deportation, my fear – and I put this all in my sentencing memorandum – my fear would be that they would argue on appeal that I could now not argue the validity of the underlying deportation because I stipulated to a – to a removal. So that is one. And moving backwards to the government's other points regarding Camacho-Lopez, government argued that the difference is Camacho-Lopez was not an aggravated felon, and Mr. Vega was, but that misses the point. The point was Camacho – the defendant in Camacho-Lopez was found not to be an aggravated felon based on the evidence introduced in the administrative record – in the immigration record, that based on those documents, the relevant Shepard documents, they could not show that his conviction was actually a crime of violence under Leo Cal. But it is possible that in Camacho-Lopez, had the government ordered a guilty plea transcript after removal hearing, they would have seen that he stipulated to some type of violent conduct that would have made him an aggravated felon, just like in our  And so the government argued that the record introduced to the immigration officer was insufficient to show that he was an aggravated felon, all that he – But he was an aggravated felon, true? Well, with hindsight, yes. Yeah. So where's the prejudice? The prejudice, based on the evidence presented to the immigration officer, he was not an aggravated felon, and he should not have been removed. So 8 U.S.C. 1229 C.1.A.3 directs the immigration officer to make his decision based on only the evidence presented at the – it's not really a hearing, but the determination in front of an immigration officer. And all that existed was information charging Mr. Vega with 11351, which is not a categorical aggravated felony under Leal-Vega. It can only become so under the modified categorical approach. And the only document that we now know that could ever allow the government to meet that burden is a guilty plea transcript. And I think that's significant because it's unusual for guilty plea transcripts to appear in the administrative record. In a lot of these cases, it's complaints, information, superseding information and judgments. It's rare that a guilty plea transcript is generated because it takes a lot of time. Someone would have to call the county clerk, contact that court reporter, make a purchase order, and order the transcript. And that – it's very unlikely that would happen in an expedited removal proceedings, which by their nature are designed to be very quick. So it is at least plausible – I think it's more plausible than not – that the immigration officer, had he properly applied the law, would have said, this is not enough, this is categorically overbroad, the information, that's not enough, I'm terminating these proceedings, expedited removal proceedings are over, and something else would have happened. Which means he was not removed as charged. He was not removable as charged. He never should have been removed based on the evidence. And as Judge Berzon pointed out in Agalia Rios, the prejudice inquiry is different when you're arguing, as we are now, he should not have been removed, period. That's a different analysis than he should have been given discretionary relief, which is what they were arguing in Buso's Ochoa, and that's one of the distinctions. If there are no other questions, I'll submit. Roberts. Thank you, counsel. The case is still in hearing and submitted.
judges: Reinhardt, Thomas, Christen